UNITED STATES DISTRICT COURT　　　SOUTHERN DISTRICT OF TEXAS

| | | |
|---|---|---|
| Charles Saunders, | § § § | |
| Plaintiff, | § § | |
| versus | § § | Civil Action H-09-3405 |
| Michael Astrue, | § § | |
| Defendant. | § § | |

## Opinion on Summary Judgment

1.  *Introduction.*

The question in this action is whether substantial evidence supports the commissioner's decision that Charles Saunders is not disabled under the Social Security Act. It does.

Saunders brought this action for judicial review of the commissioner's final decision to deny disability insurance benefits under 42 U.S.C. § 405(g). Both sides have moved for summary judgment.

2.  *Standard of Review.*

Judicial review is limited to whether the record has substantial evidence to support the commissioner's decision and whether the Commissioner applied the proper legal standards to evaluate the evidence. *See Greenspan v. Shalala*, 38 F.3d 232, 236 (5th Cir. 1994). If supported by substantial evidence, the commissioner's findings are conclusive and the decision must be affirmed. *See Richardson v. Perales*, 402 U.S. 389, 390 (1971). Substantial evidence need not be greater than a preponderance to be demonstrated. *Id.* at 400–01; *Anthony v. Sullivan*, 954 F.2d 289, 295 (5th Cir. 1992). A decision unsupported by substantial evidence must be overturned. Also, a decision unsupported by cogent facts is arbitrary, failing the requirement that governmental process be regular. *U.S. Const. amend. V.* In determining whether there is

substantial evidence, this court may not independently try issues afresh or substitute its judgment for that of the commissioner. *Jones v. Heckler*, 702 F.2d 616 (5th Cir. 1983).

3.  *Statutory Criteria.*

A disability is the inability to engage in substantial gainful activity due to any medically determinable physical or mental impairment that will result in death or has lasted for a continuous period of twelve months. 42 U.S.C.A. § 423(d)(1)(A). The Social Security Administration has a five-step evaluation process for determining whether an individual is disabled. 20 C.F.R. §404.1520(a)(1).

Step one, a claimant is not disabled if he is involved in any substantial gainful activity. 20 C.F.R. §404.1520(a)(4)(I).

Step two, a claimant is not disabled unless a medically determinable impairment is severe enough to significantly limit the claimant's physical or mental abilities to do basic work activities and lasts for a minimum of twelve months. 20 C.F.R. §404.1520(a)(4)(ii).

Step three, a claimant is not disabled if he does not have an impairment that meets or equals one of the listings in appendix 1. 20 C.F.R. §404.1520(a)(4)(iii).

Step four, if the commissioner cannot make a determination at the first three steps, then he will consider the limiting effects of any medically determinable impairments on the claimant's residual functional capacity to work. If the claimant can still perform his past work, then he is not disabled. 20 C.F.R. §404.1520(a)(4)(iv).

Step five, a claimant is not disabled if he can make an adjustment to other work that exists in significant numbers in the national economy. 20 C.F.R. §404.1520(a)(4)(v).

4.  *Claim History.*

Charles Saunders is a 61-year-old veteran and former financial planner who says he is disabled by a combination of back pain, high blood pressure, high cholesterol, headaches, depression, and anxiety.

The Veterans Administration found him "permanently and totally disabled" in 2004 for collecting a nonservice-connected pension due to spinal arthritis, high blood pressure, headaches, inflammation of the gallbladder, and chronic allergies that prevented him from working. The administration relied in part on a questionnaire answered by one of Saunders's treating physicians, Kai Lee, saying that Saunders had chronic lower back pain and nerve

damage in the spine, headaches, high blood pressure, and decreased sensation in his legs. Doctor Lee also identified Saunders as having depression, anxiety, and other psychological problems. He said that Saunders is capable of only low-stress jobs, cannot sit or stand for more than two hours at a time, and must walk around for at least five minutes every half-hour.

5.  *Disability.*

The hearing officer properly found that Saunders was not disabled. He correctly followed the five-step evaluation. The hearing officer found that Saunders has not worked since August of 1999. He also found that Saunders had severe back pain, high blood pressure, and high cholesterol, though these have been treated adequately with medication. Other physical impairments have been treated through medication or surgery and pose no more than limited annoyances. He has no organ damage from high blood pressure. Also, the hearing officer found that Saunders has no severe limitations from mental impairments. None of Saunders's impairments was severe enough to meet those listed in appendix 1.

The Veterans Administration and the Social Security Administration serve very different purposes. The Veterans Administration rewards those who have served honorably in the armed forces with medical care. The Social Security Administration has no prerequisites and must care for all people that qualify, making it much more difficult to assess the validity of applicants' claims. In order to prevent applicants like Saunders from claiming every ache and pain as a disability, determinations made by other agencies are not binding on the Social Security Administration and the hearing officer is free to assign little weight to that determination if he feels it is not supported by evidence in the record. 20 C.F.R. §§ 404.1504, 404.1527(d)(2), 416.904. Doctor Lee claimed that Saunders had been having symptoms since 1998, but he did not have direct knowledge of them until he began treating Saunders in 2002. Both of Saunders's physicians diagnosed him with disabling nerve damage, but neither of them had him undergo an electromyography or nerve-conduction study to support their diagnosis. Also, neither was a specialist in neurology.

Additionally, a number of examinations revealed normal neurological findings. He had intact sensations, normal gait, and was listed as "negative" for depression. Neither physician offered him surgical options traditionally used when the symptoms are as severe as he claimed.

Saunders says that the hearing officer should have ordered a mental-health examination for him in order to further develop the record. It is not the hearing officer's job to recommend

doctors, make appointments for, or otherwise hold-his-hand. Saunders did not allege or testify to any mental impairments in his application or hearings. Only a few of his medical records had even mentioned depression or anxiety. Without any evidence, the hearing officer had the power to determine that there was no disabling mental impairment.

6.   *Ability to Work.*

Saunders claims that he is only able to sit for 45 minutes, walk for 20 minutes, and lift up to 10 pounds. A reviewing physician concluded that Saunders could lift 25 pounds frequently and 50 pounds occasionally, stand and sit for six hours per workday, and climb, crouch and crawl without limitations. The hearing officer determined his capability to be somewhere in the middle; Saunders has the residual functional capacity to lift 10 pounds frequently and 20 pounds occasionally, the ability to walk for four hours per workday, and an unlimited ability to push or pull. He cannot run or climb, but he can climb stairs and occasionally bend or crawl. Saunders's medically determinable impairments could produce the expected symptoms but not with the intensity he claims.

This evidence shows that Saunders's "disability" is, at best, a mild inconvenience that many people face, and few ever claim as a disability to get out of working:

- In 2003, Saunders went to the Veterans Administration because of back pain that was preventing him from playing racquetball. He claimed that the pain was a one on a scale of one to ten and went up to a two after three holes of golf, ten minutes of basketball, fifteen minutes of sex, or walking for a couple of hours. The examining physician found negative straight leg raise testing, normal range of movement, and normal neurological functioning. The physician prescribed heat and stretching with the possibility of injections if that did not work, though Saunders never returned for an injection.
- A back x-ray only a year before the onset of alleged disability revealed only "mild to moderate" narrowing of disc space in the spine and Saunders did not seek further treatment for it until almost a year later.
- During a cholesterol check, Saunders said that he was "very active" and exercised three times per week including long bike rides.
- After an episode of chest pain during exercise, an EKG was performed and the results were negative.

- After a severe episode of back pain, a physical examination showed that his straight leg raising test was normal and that there was only moderate disc space narrowing and no evidence of herniation. Saunders said that he had stayed in bed for three weeks but admitted the pain was "okay" when walking or standing. A physical examination showed that he could walk and change positions without difficulty. The physician saw no need for surgical referral or MRIs, and Saunders failed to keep his appointment for an orthopedic evaluation.
- Saunders reported that his back pain was only intermittent in nature and that he was fine using medication to relieve his pain.
- Saunders sought treatment at the administration for mild neck pain and headaches. His neurological exam was normal with no suggestion of nerve damage. A spinal x-ray revealed only minimal degenerative changes and Saunders soon felt better.
- A 2004 MRI revealed a herniated disc, but Saunders reported that his back pain was made worse only when doing strenuous activities, standing, or walking for long periods of time.

Saunders is capable of performing his past work as a financial planner. That work does not require the performance of activities precluded by his symptoms. A vocational expert testified that this is sedentary, skilled work and that Saunders would be able to do it. He also testified that Saunders has transferable skills including financial, clerical, and record-keeping skills as well as an ability to work with the public.

7. Conclusion.

The decision of the commissioner denying Charles Saunders's claim for disability insurance is supported by substantial evidence and will be affirmed.

Signed on June 22, 2010, at Houston, Texas.

Lynn N. Hughes
United States District Judge